UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRINA G.,[1]<br>　　　　Plaintiff,<br>　　v.<br>MICHELLE KING,[2]  Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 2:24-cv-05659-JDE<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Trina G. ("Plaintiff") filed a Complaint on July 3, 2024, seeking review of the denial of her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has reviewed Plaintiff's opening brief (Dkt. 12), the Commissioner's answering brief (Dkt. 18), and the Administrative Record (Dkt. 11 "AR"). The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Michelle King, Acting Commissioner of the Social Security Administration, is substituted as defendant for Martin O'Malley. See Fed. R. Civ. P. 25(d).

# I.

# BACKGROUND

Plaintiff filed applications for DIB and SSI on August 30, 2019, alleging disability commencing January 1, 1995. AR 17, 337-48. After Plaintiff's applications were denied initially and on reconsideration (AR 184, 198, 204), an Administrative Law Judge ("ALJ") held hearings on October 13, 2022 (AR 57-88) and July 27, 2023 (AR 36-56). Plaintiff, represented by counsel, testified at both hearings (AR 39, 62) and a vocational expert ("VE") testified at the second hearing (AR 52).

On August 14, 2023, the ALJ concluded Plaintiff was not disabled. AR 17-29. The ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012, had not engaged in substantial gainful activity since her alleged onset date, suffered from severe impairments of diabetes mellitus with peripheral neuropathy, cervical degenerative disc disease, and bipolar disorder, and did not have an impairment or impairments that met or equaled a listed impairment. AR 20-21. The ALJ assessed Plaintiff had the residual functional capacity ("RFC") to perform light work,[3] with the following limitations:

> [O]ccasional postural activities, occasional push and/or pull with bilateral upper extremities; no ladders, scaffolds or ropes; must use

---

[3] "Light work" is defined as:

[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Aide R. v. Saul, 2020 WL 7773896, *2 n.6 (C.D. Cal. Dec. 30, 2020).

>a cane as needed for long distances (100 feet or more); no work at unprotected heights; simple routine repetitive tasks; occasional interaction with coworkers, supervisors and the general public; occasional changes in the work setting; and occasional work-related decision-making.

AR 21-22. The ALJ further found Plaintiff had no past relevant work, but considering her age, education, work experience, RFC, and the VE's testimony, there were jobs that existed in significant numbers in the national economy that she could have performed, including representative occupations of cleaner housekeeping, mail clerk, and marker. AR 27-28. Therefore, the ALJ concluded that Plaintiff had not been under a disability from January 1, 1995, through the date of the decision. AR 29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the agency's final decision. AR 1-6.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."

Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021). Lastly, even if an ALJ errs, the decision will be affirmed if the error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted); Smith, 14 F.4th at 1111 (even where the "modest burden" of the substantial evidence standard is not met, "we will not reverse an ALJ's decision where the error was harmless").

**B.   The Five-Step Sequential Evaluation**

When a claim reaches an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers if the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to assess whether the claimant's impairments render the claimant disabled because they meet or equal any of the listed impairments in the Social Security Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). After assessing the RFC, the ALJ proceeds to the fourth step to determine if, in light of the claimant's RFC, the claimant can perform past relevant work as actually or generally performed. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. §§ 404.1566(a), 416.966(a). A claimant who can do other work is not disabled; a claimant who cannot do other work and meets the duration requirement is disabled. See Tackett, 180 F.3d at 1099; see also Woods v. Kijakazi, 32 F.4th 785, 788 n.1 (9th Cir. 2022) (summarizing the steps and noting that "[t]he recent [2017] changes to the Social Security regulations did not affect the familiar 'five-step sequential evaluation process.'").

      The claimant generally bears the burden at steps one through four to show the claimant is disabled or meets the requirements to proceed to the next step and bears the ultimate burden to show disability. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

/ / /

## III.

## DISCUSSION

Plaintiff raises four issues (Dkt. 12 at 6, 7-17):

<u>Issue No. 1</u>: Did the ALJ commit reversible error at step two in failing to find Plaintiff's generalized anxiety disorder was severe.

<u>Issue No. 2</u>: Did the ALJ err at step three by finding Plaintiff's bipolar disorder did not meet or equal Listing 12.04(B) and (C).

<u>Issue No. 3</u>: Did the ALJ fail to support his evaluation of Plaintiff's RFC with substantial evidence.

<u>Issue No. 4</u>: Did the ALJ fail to meet his burden at step five to show jobs exist in significant numbers in the national economy that Plaintiff could perform.

**A.   <u>The ALJ Did Not Err at Step Two</u>**

Plaintiff contends the ALJ erred in failing to properly consider her generalized anxiety disorder when determining her severe impairments at step two. Dkt. 12 at 7-9. Plaintiff also asserts that the ALJ erred by failing to find her bilateral knee joint pain, left shoulder joint pain, and left ankle joint pain to be severe impairments. Dkt. 12 at 10.

    1. <u>Applicable Law</u>

At step two of the five-step sequential analysis, the ALJ considers whether a claimant suffers from a "severe" impairment, or combination of impairments. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. If an impairment, or a combination of impairments, significantly limits the claimant's ability to perform a basic work activity and has lasted, or is expected to last, for at least a year continuously, those impairments are considered "severe." 20 C.F.R. §§ 404.1520, 416.920. In practice, step two functions as a screening mechanism to eliminate cases where the alleged disabilities result in impairments so slight that there is no interference with the claimant's ability to work. <u>See</u> <u>Bowen v.</u>

Yuckert, 482 U.S. 137, 154 (1987). If the ALJ erroneously determines that an alleged impairment is not "severe," a reviewing court must assess whether the error was harmless. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

### 2. Anxiety Disorder

Plaintiff contends that the medical evidence shows that her generalized anxiety disorder is a severe, medically determinable impairment. Dkt. 12 at 8. Plaintiff notes that the examining psychologist, Dr. Riahi, the treating psychiatrist, Dr. Florescio, and the State agency medical consultants found that she suffered from anxiety disorder, as well as bipolar disorder. AR 122, 156, 1254, 3124. Dr. Riahi observed that Plaintiff had memory challenges and her affect was "quite anxious." AR 1253. Dr. Florescio reported that Plaintiff's symptoms included restlessness, sleep disturbance, irritability, difficulty concentrating, and muscle tension. AR 3125.

Although there was evidence that Plaintiff's anxiety disorder was a medically determinable impairment, any error in the step 2 analysis was harmless because the ALJ considered Plaintiff's anxiety when assessing her mental health limitations. AR 22, 25. The ALJ found that Plaintiff's depressive and anxiety symptoms "would cause a moderate limitation in her ability to adapt and manage herself." AR 22, 26. The ALJ also found that Plaintiff's mood abnormalities, memory deficits, and other symptoms supported moderate limitations in the ability to understand, remember or apply information, interact with others, and concentrate, persist, or maintain pace. AR 21-22, 25-26. Further, the ALJ accounted for Plaintiff's functional limitations resulting from her anxiety disorder and other mental conditions in the RFC assessment. See Lewis, 498 F.3d at 911 (holding that ALJ commits reversible error at step two only where severe impairment erroneously

excluded and that impairment causes functional limitations that are not accounted for in the RFC). The ALJ found Plaintiff was limited to simple, routine, and repetitive tasks, occasional interaction with coworkers, supervisors, and the general public, occasional changes in the work setting, and occasional work-related decision-making. AR 22. Plaintiff has not established any additional limitations resulting from her anxiety disorder or other mental health impairments that should have been included in the RFC. Thus, Plaintiff fails to show reversible error.

### 3. Bilateral Knees, Left Ankle, and Left Shoulder

Plaintiff asserts that the ALJ erred by failing to find that her bilateral knee joint pain, left shoulder joint pain, and left ankle pain were severe impairments. Dkt. 12 at 10. Plaintiff argues that her left ankle and bilateral knee pain are "inconsistent with ambulating for long distances (100 feet) because canes are not made for long distance traveling" and her "shoulder pain would impact her ability to use the cane." Id.

As for Plaintiff's knee and ankle allegations, the record shows Plaintiff experienced tenderness or inflammation and decreased range of motion in both knees and ankles. AR 2695. However, the existence of an impairment, without more, is insufficient proof of a disability or that the impairment is "severe." See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993); Houghton v. Comm'r Social Sec. Admin., 493 F. App'x 843, 845-46 (9th Cir. 2012) (explaining the ALJ was not required to discuss plaintiff's depression, a heart condition, sleep apnea, a heel injury, diabetes with leg neuropathy, or obesity "in the absence of significant probative evidence that they had some functional impact on [plaintiff's] ability to work"); Pierce v. Berryhill, 2017 WL 2402829, at *3 (C.D. Cal. May 31, 2017) (rejecting claim that ALJ erred in failing to discuss evidence, explaining, "[a]lthough plaintiff cites various medical records describing her conditions, symptoms, and treatment, she does not show how

such evidence translates into any specific functional limitations"). Plaintiff has not produced evidence establishing the existence of knee or ankle conditions limiting her ability to do basic work activities. See 20 C.F.R. §§ 404.1522(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."), 416.922(a) (same). Thus, although the threshold for finding an impairment "severe" at step two is not high, the ALJ did not err in not finding Plaintiff's bilateral knee and left ankle conditions were severe impairments.

As for Plaintiff's alleged left shoulder joint pain, the record indicates that her left shoulder was normal on examination and she does not point to any evidence it interfered with her ability to do basic work activities. She also fails to identify any medical evidence that a shoulder condition interferes with the use a cane or that a cane cannot be used to ambulate long distances. AR 2696.[4]

In sum, substantial evidence supports the ALJ's step two findings regarding the challenged physical impairments, and any error regarding the ALJ's findings as to mental impairments is harmless because appropriate limitations were assessed in Plaintiff's RFC..

**B.   The ALJ Did Not Err at Step Three**

Plaintiff contends the ALJ's erred at step three in finding her depression and bipolar disorder did not meet or equal Listing 12.04. Dkt. 12 at 12-14.

1. Applicable Law

At step three, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the Listing of Impairments ("Listings"), as set forth in 20 C.F.R.

---

[4] To the extent Plaintiff argues the ALJ erred in not finding a severe right shoulder impairment, such argument is without merit. While there is evidence of tenderness and restricted range of motion in her right shoulder, Plaintiff points to no evidence it had more than a minimal effect on her ability to do basic work activities.

Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 404.1520(d), 416.920(d); Tackett, 180 F.3d at 1098. If a claimant meets or equals a listed impairment, she is "conclusively presumed to be disabled and entitled to benefits." Bowen v. City of New York, 476 U.S. 467, 471 (1986); see also Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993); 20 C.F.R. §§ 404.1525(a), 416.925(a) (the Listings describe "each of the major body systems impairments" considered "severe enough to prevent an individual from doing any gainful activity").

The claimant bears the burden of proving that an impairment or combination of impairments meets or equals the criteria of a listed impairment. See Sullivan v. Zebley, 493 U.S. 521, 531 (1990); Tackett, 180 F.3d at 1099. "To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." Tackett, 180 F.3d at 1099. "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings at least equal in severity and duration to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment most like the claimant's impairment." Id. (citation and internal quotations omitted).

In determining whether a claimant meets a listed mental impairment, the ALJ must follow a special technique to evaluate the claimant's symptoms and rate their functional limitations. See 20 C.F.R. §§ 404.1520a(a), 416.920a(a). The specified medical criteria are broken up into three categories: "paragraph A" criteria, "paragraph B" criteria, and "paragraph C" criteria. See 20 C.F.R. § 404, Subpt. P, App. 1 at 12.00. The ALJ must consider: (1) whether specific diagnostic criteria are met (paragraph A criteria); and (2) whether specific impairment-related functional limitations are present (paragraph B and paragraph C criteria). See 20 C.F.R. §§ 404.1520a(b), 416.920a(b). To meet or equal listing 12.04, a claimant must establish a depressive, bipolar or related disorder that satisfies paragraphs A and B, or A and C, as follows:

A. Medical documentation of the requirements of paragraph 1 or 2:
  1. Depressive disorder, characterized by <u>five</u> or more of the following:
     a. Depressed mood;
     b. Diminished interest in almost all activities;
     c. Appetite disturbance with change in weight;
     d. Sleep disturbance;
     e. Observable psychomotor agitation or retardation;
     f. Decreased energy;
     g. Feelings of guilt or worthlessness;
     h. Difficulty concentrating or thinking; or
     i. Thoughts of death or suicide.

  2. Bipolar disorder, characterized by <u>three</u> or more of the following:
     a. Pressured speech;
     b. Flight of ideas;
     c. Inflated self-esteem;
     d. Decreased need for sleep;
     e. Distractibility;
     f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
     g. Increase in goal-directed activity or psychomotor agitation.
  AND
B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
  1. Understand, remember, or apply information.
  2. Interact with others.
  3. Concentrate, persist, or maintain pace.
  4. Adapt or manage oneself.
  OR
C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
  1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your

11

        mental disorder; <u>and</u>
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04 (internal parenthetical citations omitted).

    2. <u>The ALJ's Decision</u>

The ALJ found Plaintiff's mental impairments did not meet or equal the criteria of paragraphs B or C of listing 12.04. AR 21, 25-26. With respect to the criteria in paragraph B, the ALJ found Plaintiff has "moderate" limitations in the ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and adapt or manage herself. AR 21-22, 25-26. With respect to the criteria in paragraph C, the ALJ found the record did not establish Plaintiff had "only marginal adjustment, that is, a minimal capacity to adapt to changes in [Plaintiff's] environment or to demands that are not already part of [Plaintiff's] daily life." AR 21.

    3. <u>Analysis</u>

Plaintiff asserts the ALJ erred by failing to discuss the criteria in paragraph A, assessing only "moderate" limitations in the four areas of mental functioning in paragraph B, and providing an undetailed, conclusory statement that Plaintiff did not meet the paragraph C criteria. Dkt. 12 at 12-13. Although the ALJ did not discuss the paragraph A criteria in the decision, any error was harmless because Plaintiff has not shown that her impairments satisfy the criteria in paragraph B or C of listing 12.04. See <u>Burch</u>, 400 F.3d at 683 (holding that a plaintiff is responsible for making an initial showing that she meets all the requirements of a listed impairment).

To satisfy the paragraph B criteria, a claimant's mental impairments must result in one extreme limitation or two marked limitations in the four

areas of mental functioning. See 20 C.F.R. Pt. 404, Subpt. P, App. § 12.04(B). Here, the ALJ's finding that Plaintiff had at most moderate limitations in the four areas of functioning is supported by substantial evidence. See id. With respect to understanding, remembering or applying information, the ALJ considered Plaintiff's complaints of poor comprehension and memory and her psychological evaluations indicating some diminished memory on recall testing, intellectual functioning in the borderline range, and abnormal mood findings that would affect her ability to understand, remember or apply information. AR 25, 1253-54, 2689, 2691. With respect to interacting with others, the ALJ noted Plaintiff endorsed some manic and psychotic symptoms, including hallucinations and presented with dysphoric and anxious mood with constricted affect, despite being able to relate in a cooperative manner during psychological evaluations. AR 25-26, 1251, 2689. As to concentrating, persisting, or maintaining pace, the ALJ noted that although the record showed Plaintiff had adequate attention and concentration, her therapy records also indicated intermittent psychosis with auditory and visual hallucinations, as well as subjective complaints of poor attention and concentration. AR 26, 1253, 1489, 1495, 1503, 1595, 2520, 2689. With regard to adapting or managing herself, the ALJ considered Plaintiff's testimony that she lacked motivation to do activities at home and care for her own personal hygiene, despite treatment notes indicating that she was able to care for her grandchildren and was working on improving her self-care. AR 26, 757, 1565. The ALJ also took into consideration the prior administrative findings from the State agency medical consultants, indicating that Plaintiff had a moderate limitation in each of the paragraph B criteria. AR 27, 123, 156. Based on the foregoing, substantial evidence supports the ALJ's determination that Plaintiff's impairments did not satisfy the paragraph B criteria of Listing 12.04. See 20 C.F.R. Pt. 404, Subpt. P, App. § 12.04(B).

To satisfy the paragraph C criteria, a claimant must show a mental disorder is "serious and persistent." 20 C.F.R. Pt. 404, Subpt. P, App. § 12.04(C). The claimant must also show evidence of both (1) ongoing medical treatment, mental health therapy, psychosocial support, or a highly structured setting; and (2) marginal adjustment. Id. Here, the ALJ concluded the record failed to show Plaintiff had "only marginal adjustment." AR 21. The ALJ also noted Plaintiff had been receiving "routine monthly medication management and psychotherapy without incidents of psychiatric decompensation." AR 27. In support of these findings, the ALJ cited Plaintiff's psychological evaluations and therapy records, which indicated she had at most moderate limitations. AR 21, 25-27, 1253-54, 1489, 1495, 1503, 1595, 2520, 2689, 2691. Thus, substantial evidence supports the ALJ's determination that Plaintiff did not satisfy the criteria in paragraph C.

Plaintiff contends the ALJ erred in finding her impairments did not meet or equal Listing 12.04, as the ALJ failed to acknowledge her mental health therapy records. Dkt. 12 at 11-13, 15 (citing AR 2585, 2596). However, the ALJ did reference such records. AR 25-26, 630-31, 757, 1495, 1503, 1565, 1595. Although the ALJ did not discuss every detail in the medical record, he did address the significant and probative evidence that bore on Plaintiff's ability to work. See Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (holding that an ALJ "need not discuss all evidence presented to her. Rather, she must explain why significant probative evidence has been rejected.") (internal emphasis, quotation marks, and citation omitted).

Plaintiff further argues that the ALJ erred by ignoring the opinions of her treating physician, Dr. Florescio, and her examining psychologist, Dr. Riahi, indicating that she would struggle in the workplace.[5] Dkt. 12 at 13-14. Again,

---

[5] Plaintiff cites Dr. Florescio's opinion that Plaintiff was markedly limited in

14

Plaintiff's argument is not supported by the record. AR 27. The ALJ found Dr. Riahi's opinion that Plaintiff was significantly impaired in the ability to respond to work pressure in a usual work setting "unpersuasive." AR 27, 1254. The ALJ also rejected Dr. Florescio's opinion that Plaintiff would miss four days of work per week and was markedly limited in concentration, maintaining pace, adapting, and managing herself in the workplace, as it overstated Plaintiff's functional limitations and was not substantiated by her mental health records or reported activities of daily living. AR 27, 3129. While Plaintiff presents a different interpretation of the record, the Court is limited to reviewing the Commissioner's decision for legal error or lack of supporting substantial evidence. See 42 U.S.C. § 405(g). Because the ALJ's interpretation of the evidence is rational and supported by substantial evidence, the Court must uphold the ALJ's decision. See Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (explaining the court must uphold the ALJ's decision where the evidence can be rationally interpreted).

### C. The ALJ Did Not Err in Assessing Plaintiff's RFC

Plaintiff asserts the ALJ erred in assessing her RFC because the record supports a finding that she would be absent from work "up to 8 days per month," but the ALJ did not "discuss whether there would be any absences[] at all or whether there would be some erosion of the number of absences." Dkt. 12 at 15, 17.

    1. Applicable Law

In formulating an RFC, the "ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds, 807 F.3d at

---

concentration, maintaining pace, adapting, and managing herself in the workplace and would miss four days of work per week. Dkt. 12 at 12-14; AR 3129. Plaintiff notes that Dr. Riahi opined, in part, that Plaintiff's ability to respond to work pressure in a usual work setting was significantly impaired. Dkt. 12 at 14; AR 1254.

15

1006. An ALJ must consider all the relevant evidence in making an RFC determination, including medical source evidence. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). An ALJ's RFC determination, however, need not precisely reflect any particular physician's assessment. See id.; see also Mills v. Comm'r of Soc. Sec., 2014 WL 4195012, *4 n.8 (E.D. Cal. Aug. 22, 2014) ("[I]t is the ALJ's responsibility to formulate an RFC that is based on the record as a whole, and thus the RFC need not exactly match the opinion or findings of any particular medical source."). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

2. Analysis

Here, in determining Plaintiff's RFC, the ALJ carefully analyzed the relevant evidence in the record, including the medical opinion evidence. While two of Plaintiff's treating physicians, Dr. Florescio and Dr. Lozano, opined that Plaintiff would be absent from work multiple days each month due to her impairments, the ALJ did not find those opinions persuasive as they were not supported by the record and were not consistent with the available medical and nonmedical evidence. AR 24-25, 27, 3117, 3129. Specifically, as noted above, the ALJ did not adopt Dr. Florescio's opinion that Plaintiff would be absent more than four days per month because it overstated Plaintiff's limitations and was unsupported by and inconsistent with the record. AR 27, 3129. Similarly, the ALJ found Dr. Lozano's opinion that Plaintiff would be absent about three days per month "unpersuasive" as "the record shows largely routine follow-up care" and "little evidence of frequent treatment for acute events that would cause excessive absences." AR 24-25. The ALJ properly considered and found unpersuasive Dr. Florescio's and Dr. Lozano's opinions on absenteeism after considering the consistency and supportability of those opinions compared to the objective medical evidence. The ALJ's findings are supported by

16

substantial evidence and are not error. See 20 C.F.R. § 404.1520c(b)(2); Woods, 32 F.4th at 791-94 (affirming ALJ's rejection of certain medical source opinions as being inconsistent with and unsupported by the objective medical evidence and Plaintiff's activities). In assessing Plaintiff's RFC, "the ALJ was not required to incorporate evidence from the opinions of [Plaintiff's] treating physicians, which were permissibly discounted." Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff further argues that "the ALJ opined that [Plaintiff] was prescribed naloxone rather than gabapentin without any evidence" and if the ALJ believed that Plaintiff "needed gabapentin," the ALJ "should have asked whether [Plaintiff] experiences greater symptoms than she would if she could have the best medication for her symptoms." Dkt. 12 at 15-16. Plaintiff fails to demonstrate error warranting remand. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of [the claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence").

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 459-60. Here, the record shows Dr. Lozano considered prescribing gabapentin and other medications for Plaintiff's diabetic neuropathy but, at Plaintiff's request, prescribed Tylenol #3. AR 1892. Based on Plaintiff's potential opioid overdose risk factors, Dr. Lozano also prescribed naloxone. Id. As the record was not ambiguous or inadequate to allow for proper evaluation of the evidence, no further record development was necessary. See Mayes, 276 F.3d at 459-60.

Plaintiff also argues that the ALJ's RFC assessment did not account for all of her severe and non-severe conditions, such as shoulder pain, bilateral knee pain, and the ability to stay on task and be present. Dkt. 12 at 17. But, as

noted above, Plaintiff has not produced evidence of the existence of shoulder or knee conditions limiting Plaintiff's ability to undertake basic work activities. See 20 C.F.R. §§ 404.1522(b), 416.922(b). Further, other than the physician opinions properly found not persuasive by the ALJ, Plaintiff does not point to any medical evidence showing she lacked the ability to stay on task or be present. Thus, Plaintiff has not shown the RFC is insufficiently restrictive. See 20 C.F.R. §§ 404.1512(a), 416.912(a); Ford, 950 F.3d at 1148.

### D. The ALJ Did Not Err at Step Five

Plaintiff contends that the ALJ erred at step five by presenting a hypothetical to the VE that did not account for all of Plaintiff's limitations. Dkt. 12 at 18-19. Plaintiff asserts that the ALJ's hypothetical failed to include limitations in fingering and fine and gross manipulation. Dkt. 12 at 18. Plaintiff also argues that the ALJ should have asked the VE "if the use of a cane on one hand singularly with shoulder pain combined would impact any of the available job[s]" identified at step 5 of the sequential analysis. Id.

1. Applicable Law

Hypothetical questions posed to a VE do not need to include all alleged limitations, but rather only those limitations which the ALJ properly finds to exist. See Bayliss, 427 F.3d at 1218. "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006). Therefore, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989). A claimant fails to establish that a step five determination is flawed by simply

restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. See <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

    2.  <u>Analysis</u>

The hypothetical that the ALJ presented to the VE contained all the limitations that the ALJ found credible and supported by substantial evidence. AR 22, 53-54. Plaintiff has not shown that she had handling, fingering or manipulative limitations or restrictions in the ability to use a cane. Rather, the record shows Plaintiff had no limitations in the use of her hands for fine and gross manipulation and could use a cane for walking long distances. AR 22, 24, 2696-97. The ALJ did not err at step five.

### IV.
### ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: January 31, 2025

                                              JOHN D. EARLY
                                              United States Magistrate Judge